UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER THOMAS HUNT, AS ADMINISTRATOR OF THE ESTATE OF DANIEL P. HUNT,<br><br>Plaintiff,<br><br>-against-<br><br>PLANET FITNESS, INC., PLANET FITNESS FRANCHISING LLC, PLANET FITNESS ASSETCO LLC,<br><br>Defendants. | CIVIL ACTION NO.:  1:21-CV-02860<br><br>**AMENDED ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Planet Fitness, Inc., Planet Fitness Franchising LLC, and Planet Fitness Assetco LLC ("Defendants"), by and through their attorneys, Harris Beach PLLC, respond as follows to Plaintiff's February 23, 2021 Complaint:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, and therefore deny the same.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, and therefore deny the same.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, and therefore deny the same.

4. Defendants deny that Planet Fitness, Inc. is a domestic corporation.  Planet Fitness, Inc. is organized under the laws of the state of Delaware, with its principal place of business in New Hampshire.  Except as explicitly admitted, Defendants deny the allegations in Paragraph "4" of the Complaint.

1

5. Defendants admit that Planet Fitness Franchising LLC is a limited liability company organized under the laws of the State of Delaware. Except as explicitly admitted, Defendants deny the allegations in Paragraph "5" of the Complaint.

6. Defendants admit that Planet Fitness Assetco LLC is a limited liability company organized under the laws of the State of Delaware. Except as explicitly admitted, Defendants deny the allegations in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. Defendants admit that Planet Fitness Assetco LLC operates a Planet Fitness-branded health club facility located at 1572 Route 9, Wappingers Falls, New York. Except as explicitly admitted, Defendants deny the allegations in Paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. Defendants admit that Planet Fitness Assetco LLC owns and operates a Planet Fitness-branded health club facility in a space that Planet Fitness Assetco LLC leases to the exclusion of other uses and entities, located at 1572 Route 9, Wappingers Falls, New York. Except as explicitly admitted, Defendants deny the allegations in Paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in Paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint, and therefore deny the same.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants intend to assert the following defenses and affirmative defenses in response to the allegations of the Complaint, as well as such other defenses and affirmative defenses as may become appropriate during the course of discovery in this matter:

1. Plaintiff cannot assert a claim against Planet Fitness, Inc. or Planet Fitness Franchising LLC as neither entity owns, operates, or maintains the facility at issue.

2. Defendants are not subject to personal jurisdiction in this Court or in this state.

3. The Court lacks personal jurisdiction over Defendants.

4. Plaintiff's Complaint should be dismissed because it fails to state a cause of action upon which relief can be granted.

5. Any injuries and/or damages sustained by Plaintiff, as alleged in the Complaint, were caused in whole or in part, by the contributory negligence and/or culpable conduct of Plaintiff

and/or Decedent Daniel Hunt and not as a result of any contributory negligence and/or conduct on the part of Defendants.

6. Plaintiff and/or Decedent Daniel Hunt is/are guilty of comparative culpable conduct and his recovery, if any, should be diminished in proportion to his relative amount of comparative fault.

7. Plaintiff and/or Decedent Daniel Hunt's recovery is limited and/or barred by his assumption of the risk.

8. Plaintiff and/or Decedent Daniel Hunt's recovery is barred and/or waived by way of the executed Membership Agreement, wherein Decedent voluntarily accepted full responsibility on his own behalf and on behalf of his guests for the risk of injury or loss arising out of or related to his use or his guest's use of the facilities.

9. Defendants were not the proximate cause of any injury allegedly suffered by Plaintiff and/or Decedent Daniel Hunt.

10. If Plaintiff and/or Decedent Daniel Hunt sustained the injuries alleged in the Complaint, there was an intervening or superseding cause or causes leading to said injuries, and therefore, any action on the part of Defendants was not the proximate or competent producing cause of Plaintiff and/or Decedent Daniel Hunt's alleged injuries.

11. If Plaintiff and/or Decedent Daniel Hunt sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of others over whom Defendants are not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

12. The liability of Defendants, if any, is limited to the percentage of culpability found against it by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

13. The liability of Defendants, if any, to Plaintiff and/or Decedent for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

14. Plaintiff's claims are barred as a result of laches, waiver, "unclean hands" and/or estoppel.

15. Plaintiff's claims are barred in whole or in part because Plaintiff and/or Decedent Daniel Hunt failed to mitigate his damages, if any.

16. In the event Plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

17. Plaintiff's claims are barred to the extent that Plaintiff and/or Decedent failed to comply with applicable limitation periods.

18. Defendants incorporate the defenses of all others who are or may become parties to this action as though more fully set forth herein.

**PLEASE TAKE NOTICE** that Defendants reserve the right to plead additional defenses, affirmative or otherwise, that may become known or apparent during the course of discovery in this action.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Defendants hereby demand a trial by jury for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE** Defendants demand judgment dismissing the Complaint, entering judgment in favor of Defendants and against Plaintiff, awarding costs, attorneys' fees and interest to Defendants, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 15, 2021

By: _/s/ Peri Berger_
Peri A. Berger, Esq.
**HARRIS BEACH PLLC**
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659
pberger@harrisbeach.com
*Attorneys for Defendants*

To: All Counsel of Record (*Via ECF*)

6